# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:12-cv-01655-TWP-DML |
| ) | |
| ENELIO MARTINEZ also known as COSTA ) | |
| BRAVA MEXICAN RESTAURANT; doing ) | |
| business as MARISCOS COSTA BRAVA, ) | |
| COSTA BRAVA, INC. also known as COSTA ) | |
| BRAVA MEXICAN RESTAURANT; doing ) | |
| business as MARISCOS COSTA BRAVA, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## ENTRY ON DAMAGES

This matter is before the Court on a Motion for Default Judgment ([Filing No. 27](#)) filed by Plaintiff J & J Sports Productions, Inc. ("J & J"). On Tuesday, December 16, 2014, the Court held a damages hearing in this matter, which was continued from the hearing originally held on November 6, 2014. Plaintiff J & J appeared by counsel Charlie Gordon. Defendant Enelio Martinez Leone ("Mr. Martinez") appeared *pro se*, along with interpreter Dawn Garcia. Defendant Costa Brava, Inc. ("Costa Brava") was not represented by counsel. The Court Reporter was David Moxley.

This was an action brought by J & J under the Communications Act of 1934, 47 U.S.C. § 605 *et seq.*, and the Cable and Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553 *et seq.* J & J alleged that on November 13, 2010, Defendants unlawfully intercepted and displayed "Tactical Warfare: Manny Pacquiao v. Antonia Margarito" (the "Program") at Costa

Brava Mexican Restaurant, to which J & J had the exclusive nationwide commercial distribution rights. A Clerk's Entry of Default was entered against all Defendants on February 24, 2014. ([Filing No. 26](); [Filing No. 28]()). J & J requests statutory damages, including actual damages and an enhancement for willful violation of the statute, as well as attorney's fees and costs.[1]

The Court finds that J & J is entitled to a judgment against Costa Brava in the amount of $5,855.05, under 47 U.S.C. § 605 due to the Program's transmission to Costa Brava Mexican Restaurant via satellite. This amount includes $4,200 in actual damages, which is the amount of the commercial licensing fees that Costa Brava, Inc. would have been charged to display the Program based upon the capacity of the restaurant of about 150 persons. *See* [Filing No. 30-1, at ECF p. 11]() (schedule of commercial licensing fees). This amount also includes $1,277.50 for attorney's fees, $350 for court filing fees, and $27.55 for costs. The Court declines J & J's request for an award of enhanced statutory damages for willful conduct, finding that there is no evidence Costa Brava used any sort of illegal unencryption devices, or any other similar means, to intercept the satellite signal, only that the establishment did not pay the proper commercial sublicense fee to lawfully display the Program. Mr. Martinez testified that he was unaware that Costa Brava was required to pay the commercial sublicensing fee, and the Court finds that Defendants likely paid the individual sublicensing fee to display the Program. In addition, Costa Brava did not charge patrons a cover fee and did not advertise the Program, so there is no evidence of direct or indirect commercial advantage or private financial gain. *See* 47 U.S.C. § 605(e)(3)(C)(ii).

Furthermore, the Court finds that Mr. Martinez should not be held individually liable for the damages and costs awarded to J & J. While J & J alleged in its complaint that Mr. Martinez authorized or controlled the broadcast, it is unclear from the evidence presented at the hearing

---

[1] J & J voluntarily withdrew its claim for conversion.

whether the Program was displayed at the direction of Mr. Martinez or Mr. Martinez's brother, who he claims was instrumental in operating the business and was the person who contacted Dish Network to order the Program. Because there is no clear evidence that Mr. Martinez authorized or controlled the broadcast, he will not be held jointly and severally liable with Costa Brava.

Therefore, the Court hereby **GRANTS in part** and **DENIES in part** J & J's motion for default judgment. A judgment in the amount of $5,855.05 shall be entered against Costa Brava, Inc. in favor of J & J, and Mr. Martinez individually shall not be held jointly and severally liable. Final judgment will issue separate from this entry.

SO ORDERED.

Date: 12/22/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Charlie William Gordon
GREENE & COOPER PSC
cgordon@greenecooper.com

Enilio Martinez Leone
Costa Brava, Inc.
3837 North High School Road
Indianapolis, IN 46254